97 P.3d 411

**Brian Isami UYENO, Plaintiff–Appellee,**

v.

**Hye Hwa UYENO, Defendant–Appellant.**

**No. 25404.**

Intermediate Court of Appeals of Hawai'i.

Aug. 6, 2004.

---

Denise Miyasaki Wheeler, on the briefs, for Plaintiff–Appellee.

Michael A. Glenn, on the briefs, for Defendant–Appellant.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellee Hye Hwa Uyeno (Defendant or Hye) appeals from the September 17, 2002 Order Denying Defendant's Non–Hearing Motion to Reconsider Retirement Offsets Filed August 20, 2002. This order was entered in the Family Court of the First Circuit by Judge Gale L.F. Ching. We reverse this order and remand for reconsideration the part of the July 31, 2002 Decree Granting Absolute Divorce and Awarding Child Custody that states: *"Retirement.* The Defendant shall be awarded $14,846.74 from Plaintiff's annuity fund with the Hawaii Electrician's Annuity Fund."

## BACKGROUND

In this appeal, Hye challenges the $17,300 in "retirement offsets" deducted from her Partnership Model share of the $64,293.48 Hawaii Electrician's Annuity Fund owned by Plaintiff–Appellee Brian Isami Uyeno (Plaintiff or Brian). Those "retirement offsets" were described by counsel for Brian as follows:

1. $3,000.00 which Defendant took out of Plaintiff's account after the date of separation. *See* Exhibit "6".

2. $10,000.00 which is one-half of a $20,000.00 in cash that Defendant accumulated during the marriage from her various hostess jobs and which she gambled away in one evening prior to the divorce filing in May, 2001.

3. $1,300.00—reimbursement to Plaintiff for back child support.

4. $3,000.00—reimbursement to Plaintiff for one-half of child care expenses incurred from May, 2001 until July, 2002.

Brian has not explained the basis for "1" above. Exhibit "6" shows that the bank account was jointly owned by Hye and Brian. Brian has not explained why Hye was not authorized to make the withdrawal or why she should be required to return the money. Moreover, he fails to recognize and account for the fact that if Hye reimburses this money, she is still entitled to one-half of the account.

It appears that the basis for "2" is "asset wasting". Hye disputes this allegation.

It appears that the basis for "3" and "4" is that Hye was legally required to pay specified amounts for child support and child care expenses and she failed to pay amounts she owed. Brian has not stated the specifics of when the amounts were due. Hye disputes that she failed to pay amounts she owed.

Stated chronologically, the relevant events occurred as follows:

June 25, 1997 Hye and Brian were married.

August 20, 1997 Their son was born.

September 28, 1999 Their daughter was born.

June 1, 2001 Brian filed the complaint for divorce.

September 14, 2001 Brian filed an affidavit in which he stated, in relevant part, as follows:

21. On or about April, 2001with [sic] approximately $20,000 of earnings that she accumulated, she went on one of her gambling binges in which she stayed out of the house from Thursday until Sunday. She used to do this about once a month. She gambled at organized gambling "houses" playing baccarat and a Korean card game called "go-stop." She even admitted she gambled to the Judge at the TRO hearing saying "not that much."

22. On this one weekend I later found out that she had lost the entire $20,000 and so when she came back home after the weekend, she was really irritable.

. . . .

48. Also, on or about June, 2001, [Hye], without my authorization, took out $3000 of funds from our joint account, which was supposed to pay the household bills and mortgage, and because she did this without my knowledge, I bounced many checks.

December 20, 2001 Brian filed a Motion to Set and Notice of Motion, accompanied by his December 18, 2001 position statement in the form of a proposed decree of divorce, his December 17, 2001 Asset and Debt and Income and Expense Statements, and a December 17, 2001 Child Support Guidelines Worksheet. His proposed decree of divorce ordered

that "[t]he parties shall close any joint accounts and any balances shall be equally distributed among the parties", awarded Hye her marital partnership share of the cash value of Brian's retirement, and did not speak of any asset wasting, delinquent child support, or delinquent child care expenses issues.

March 28, 2002 Brian filed his amended position statement and amended proposed decree of divorce. None of the amendments are relevant to the issues in this appeal.

April 4, 2002 The court held a conference on the motion to set. The record on appeal does not contain a transcript of this conference.

Judge Paul T. Murakami entered Pretrial Order Number One. It states, in relevant part, that there are no "asset wasting issues", that "debt" and "payments for property division" are in dispute, and that the only dispute regarding "retirement" is the "end date or when [Hye] is entitled to [Brian's] retirement". It does not specify the debt and payments for property division issues that were in dispute.[1] It sets the case for a one-day trial during the week of July 8, 2002, and for a calendar call on June 28, 2002 at 8:30 a.m.

May 16, 2002 Brian filed Plaintiff's Exhibit List. Among other exhibits, it lists the following exhibit: "6. Documents Re: Plaintiff's Joint Account Documenting Defendant's Unauthorized Withdrawal". This exhibit is a copy of the June 18, 2001 statement of the joint American Savings bank account. We deduce that the transaction in question is the $3,070 check that was cashed on June 7, 2001. No explanation is given in support of Brian's allegation that the withdrawal was unauthorized.

May 17, 2002 Brian filed Plaintiff's Settlement Statement which states, in relevant part, as follows:

I. *SETTLEMENT STATUS.* The key issues in this case are custody and visitation. The parties' counsels [sic] have spo-

---

1. This appeal shows the insufficiency of the information stated in Pretrial Order Number One.

ken following the filing of position statements and a settlement appears likely and imminent.

### II.  *ISSUES AGREED UPON.*

. . . .

3.  *Bank Accounts.*  All joint bank accounts shall be closed and any balances shall be equally distributed among the parties.  Each party will be awarded his or her own cash on-hand and is [sic] solely held accounts, subject to any debt thereon.

. . . .

### III.  *REMAINING DISPUTED ISSUES.*

. . . .

5.  *Debts.*  Plaintiff will be responsible for the parties' joint debts and each party is responsible for their own separate debts.

. . . .

8.  *Retirement.*  Defendant will be awarded her marital share in Plaintiff's annuity with the Electrician's Union.

9.  *Attorney's Fees and Costs.*  Each party shall pay their own attorneys' fees and costs.

> This document does not speak of any asset wasting, delinquent child support, delinquent child care expense, reimbursement, or offset issues.

June 20, 2002 The court held a settlement conference.  The record on appeal does not contain a transcript of the conference.

Judge Allene R. Suemori entered Pretrial Order Number Two.  It states, in relevant part, that no "asset wasting issues" are in dispute, but "equitable deviation issues" and "debt" are in dispute.  It does not specify the equitable deviation and debt issues.[2]  It continues the settlement conference to July 2, 2002 at 10:30 a.m.

June 27, 2002 Judge Suemori set the trial to commence on July 9, 2002, at 9:00 a.m. "for two hours & the parties will share time equally."

June 28, 2002 Judge Suemori held a calendar call.

July 2, 2002 The July 2, 2002 settlement conference was rescheduled to occur on July 8, 2002 at 10:00 a.m.

July 8, 2002 Judge Suemori entered an Order Re Settlement Conference stating that "[t]he Defendant & her counsel were not present.  Three calls were made on the record for Defendant & her counsel.  Default is entered as to [Defendant] and her counsel.  The issue of default is hereby reserved for trial July 9, 2002 @ 9:00 a.m. as to Defendant & her attorney." [3]

July 9, 2002 When the trial was scheduled to start, counsel for Hye stated, in relevant part, that "I would ask that the

---

**2.**  This appeal shows the insufficiency of the information stated in Pretrial Order Number Two.

**3.**  Hawai'i Family Court Rule 55 (2000) states as follows:

> RULE 55.  DEFAULT
>
> (a) Entry.  When a party against whom a judgment is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by motion supported by affidavit or as otherwise provided hereinbelow, the court shall enter the party's default.
>
> (b) Judgment.  In a contested or uncontested action, where it appears from the record and by testimony (or by affidavit in an uncontested matrimonial action) that the adverse party has been duly served with the complaint or dispositive motion, and the adverse party has failed to appear or otherwise defend as provided by these rules, the court may grant a default and proceed with a proof hearing, when a hearing is required, and enter a default judgment.  No judgment by default shall be entered against a minor or incompetent person unless represented in the action by a guardian, or other such representative who has appeared therein, and upon whom service may be made under Rule 17(c).
>
> (c) Setting aside default.  For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
>
> (d) Plaintiff, cross-plaintiff.  The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff or a party who has pleaded a cross-complaint.  In all cases a judgment by default is subject to the limitations of Rule 54(c).
>
> (e) Judgment against the State, etc.  No judgment by default shall be entered against the State or a county, or an officer or agency of the State or a county, unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

court either allow the trial to begin in the absence of my client or allow the trial to begin once my client arrives with any time elapsed since 9:00 o'clock taken off of her allotted time." At 9:10 a.m., Judge Gale L.F. Ching granted the request for default. Counsel for Hye objected to a part of the proposed decree submitted by counsel for Brian. Counsel for Hye specifically objected to the $17,300 deduction from Hye's $32,146.74 half of the $64,293.48 cash value of Brian's retirement. The court allowed counsel for Hye time to submit a written counter-proposal. Thereafter, Brian testified and presented evidence in support of the divorce. He did not testify regarding his entitlement to reimbursement or offset. At the conclusion of Brian's testimony, counsel for Hye stated, in relevant part, as follows:

[COUNSEL FOR HYE]: Your Honor, there's one thing I'd like to add to my argument regarding a case. In most default cases I've ever encountered the court is limited to default based on the motion to set position. They can't alter that. And in the motion to set position that clearly awards [Hye] her portion of retirement. So just further argument as to why I feel that a default that would do other than default her as to what the original motion to set indicated would be appropriate.

The court then stated that it would follow the following procedure: (1) counsel for Brian would submit a memo in support of his proposed decree; (2) counsel for Hye would submit a proposed decree and a memo in support of it; and (3) the court would sign one of the two proposed decrees.

July 11, 2002 In a memorandum in support of Brian's proposed decree, counsel for Brian stated, in relevant part, as follows:

II. *Retirement.* It is Plaintiff's position that Defendant is not entitled to her marital share of the retirement. Plaintiff's Exhibit "10" sets forth the total amount accumulated in Plaintiff's retirement with the Hawaii Electrician's Annuity Fund from the date of marriage until the date of separation. The total is $64,293.48. One-half of this amount is $32,146.74 which would be Defendant's marital share. This amount should be off-set by:

1. $3,000.00 which Defendant took out of Plaintiff's account after the date of separation. *See* Exhibit "6".

2. $10,000.00 which is one-half of a $20,000.00 in cash that Defendant accumulated during the marriage from her various hostess jobs and which she gambled away in one evening prior to the divorce filing in May, 2001.

3. $1,300.00—reimbursement to Plaintiff for back child support.

4. $3,000.00—reimbursement to Plaintiff for one-half of child care expenses incurred from May, 2001 until July, 2002.

Based upon the foregoing, Defendant is entitled to only $14,846.74 of Plaintiff's retirement.

Brian does not explain why Hye was liable for more than one-half of the amounts listed in items "1" and "3".

July 11, 2002 In a memorandum in support of Hye's position, counsel for Hye stated, in relevant part, as follows:

1. RETIREMENT:

[Hye] is entitled to her "Linson Formula" share of [Brian's] retirement. There is no offset against her award of said retirement owed to [Brian]. The Hawaii Family Court Rules Rule 54(c) provides that "(a) judgment by default shall not be different in kind from or exceed in amount from that which was prayed for in the demand for judgment." This rightfully prohibits [Brian] from changing his position concerning retirement just because default was granted. The Motion to Set for trial filed December 20, 2001 makes no mention of any offset owed to [Brian]. The Pretrial Order No. 1 filed April 4, 2002 only lists as the dispute regarding retirement as the end-date which [Hye] is entitled to receive retirement benefits (which [Hye] argues is the effective date of divorce). The Pretrial Order No. 2 filed June 20, 2002 makes no mention of any offset owed to [Brian]. The argument that [Hye] should not re-

ceive her portion of [Brian's] retirement is disingenuous and should be disregarded.

July 31, 2002 Judge Ching entered a Decree Granting Absolute Divorce and Awarding Child Custody which stated, in relevant part, as follows: *"Retirement.* The Defendant shall be awarded $14,846.74 from Plaintiff's annuity fund with the Hawaii Electrician's Annuity Fund." The decree did not say why Hye was awarded $17,300 less than one-half of its value.

August 20, 2002 Hye filed a Motion to Reconsider Retirement Offsets. This motion stated that it was "made pursuant to Hawaii Family Court Rule 59(e)[.]" In an accompanying Declaration of Counsel, counsel for Hye only implicitly recognized the problem presented by the fact that Hawai'i Family Court Rules (HFCR) Rule 59(e) (2000) specifies that "a motion to reconsider, alter or amend the judgment or order shall be filed not later than 10 days after entry of the judgment or order." This Declaration stated, in relevant part, as follows:

3. Due to neglect on the part of Plaintiff's counsel, the filed Decree was sent to the wrong address for Defendant's counsel.

4. Defendant's Counsel did not receive the filed decrees from Plaintiff's counsel until August 19, 2002.

5. Defendant's Counsel did not know the Decree was even filed until August 15, 2002 after calling Plaintiff's counsel.

. . . .

8. Defendant's Counsel is unable to explain to Defendant how this Honorable Court could disregard and ignore Hawaii Family Court Rule 54(c).

. . . .

10. If this Honorable Court will not reconsider its order offsetting [Hye's] award of retirement, Defendant demands[4] an explanation (*i.e.* findings and conclusion) as to why this Court feels that its order concerning retirement offsets does not violate HFCR Rule 54(c).

11. Defendant further asserts that there are no factual nor legal bases for the offsets against [Hye's] retirement award, and will demonstrate such at any hearing this Court might schedule.

August 22, 2002 Brian filed Plaintiff's Responsive Memorandum in Opposition to Defendant's Motion to Reconsider Retirement Offsets in which he argued, in relevant part, as follows:

Defendant is wrong in stating that the Court has not followed Rule 54(c) of the Hawaii Family Court Rules.

In Plaintiff's Motion to Set, and the April 4, 2002 Pre-trial Order No. 1, Plaintiff's claim for past child support, child care expenses, and reimbursement for debts incurred by Defendant were set forth.

. . . .

If this case proceeded to full hearing, Plaintiff would not have been barred from presenting evidence concerning the past child support, child care expenses, and debts for which he sought reimbursement. The evidence would have shown that she took $3,000 from the joint account for solely personal expenses. The evidence would have revealed that she gambled away $20,000 of joint assets. The evidence would have shown that she was behind in paying for child support and child care expenses.

Defendant, however, is trying to use the default to her advantage and walk away from the debts she owes Plaintiff. The Court should not allow her to do that. Plaintiff should not be barred from raising the above-referenced valid issues just because Defendant was defaulted. She had notice as to what his position was. They were set forth in prior orders . . . .

. . . .

In the alternative, Plaintiff would request that the default be set aside, a short trial be held on the issues regarding the offsets. If Plaintiff prevails (i.e. obtains any offsets), he should be awarded attorneys' fees from Defendant's portion of any remaining retirement awarded to her be-

---

4. We recommend the use of the word "request" rather than the word "demand".

cause she shows no good faith in paying what [s]he owes to Plaintiff.

September 17, 2002 The court entered its Order Denying Defendant's Non–Hearing Motion to Reconsider Retirement Offsets Filed August 20, 2002.

October 16, 2002 Hye filed a notice of appeal.

July 2, 2003 The appeal was assigned to this court.

## POINTS ON APPEAL

Hye contends:

1. The court erred by allowing Brian, after the default of Hye, to offset $17,300 from her share of Brian's retirement benefits even though said offset was never mentioned, requested, nor prayed for prior to the default.

2. The court erred by failing to explain, in its order denying Hye's Motion to Reconsider Retirement Offsets, why the retirement provisions do not violate HFCR Rule 54(c).

## DISCUSSION

In light of the thirty-day time limitation stated in Hawaiʻi Rules of Appellate Procedure Rule 4(a) (2004), this is not an appeal from the July 31, 2002 divorce decree. This is an appeal from the September 17, 2002 Order Denying Defendant's Non–Hearing Motion to Reconsider Retirement Offsets Filed August 20, 2002. The motion denied by this order is not an HFCR Rule 59(e) motion because it was not filed within HFCR Rule 59(e)'s authorized ten-day time limit. Therefore, it is a motion under HFCR Rule 60(b) (2000) which states as follows:

RULE 60. RELIEF FROM JUDG-MENT OR ORDER

. . . .

(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not

have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceedings was entered or taken. For reasons (1) and (3) the averments in the motion shall be made in compliance with Rule 9(b) of these rules. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

Although this is not an appeal from the July 31, 2002 divorce decree, the fundamental fairness of HFCR Rule 54(c) continues to be applicable. That rule states as follows:

Demand for judgment. A judgment by default shall not be different in kind from or exceed in amount from that which was prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

As noted above, in his August 22, 2002 Plaintiff's Responsive Memorandum in Opposition to Defendant's Motion to Reconsider Retirement Offsets, Brian stated,

Defendant is wrong in stating that the Court has not followed Rule 54(c) of the Hawaii Family Court Rules.

In Plaintiff's Motion to Set, and the April 4, 2002 Pre-trial Order No. 1, Plaintiff's claim for past child support, child care expenses, and reimbursement for

debts incurred by Defendant were set forth.

As demonstrated above, these statements by Brian are contradicted and rebutted by the record.

In the answering brief, Brian states that he "maintained his claims for reimbursement by [Hye] for the amounts reflected in the judgment throughout the entire case, and these claims were repeated throughout the course of the case through various pleadings and court orders." This statement misrepresents the record. The record contains Brian's August 15, 2001 Motion and Affidavit for Pre–Decree Relief, Pretrial Order No. 1, and Pretrial Order No. 2, but none of these documents speak of any asset wasting, reimbursement, or offset claims by Brian.

In the answering brief, Brian states that, in his affidavit filed on September 14, 2001, he (1) "set forth facts surrounding [Hye's] unauthorized withdrawal from the joint account in the amount of $3,000 which resulted in bounced checks for payments towards the mortgage of the marital residence, and utility bills," and (2) "set forth [Hye's] wasting of the $20,000 cash by going on a gambling binge[.]" Although the record confirms this statement, it does not confirm the following statement in Brian's answering brief: "Through the initial complaint, and the pleadings and the orders in this case, [Hye] was also on notice that [Brian] was continuing his claims for the funds that [Hye] withdrew from the bank account, the money she wasted in gambling, past child support and reimbursement for child care expenses." On December 20, 2001, long after he filed his affidavit on September 14, 2001, Brian filed Plaintiff's Position Statement in the form of a proposed Decree Granting Absolute Divorce and Awarding Child Custody. This proposed decree does not mention any claim by Brian for asset wasting, reimbursement, or offset. On March 28, 2002, Brian filed Plaintiff's Amended Position Statement and an amended proposed Decree Granting Absolute Divorce and Awarding Child Custody. This amended proposed decree does not mention any claim by Brian for asset wasting, reimbursement, or offset.

Pretrial Order No. 1 was filed on April 4, 2002. It states that there were no "asset wasting issues." It states that there were "equitable deviation issues," but it does not specify them. It does not mention any claim by Brian for reimbursement or offset.

Pretrial Order No. 2 was filed on June 20, 2002. It states that no "asset wasting issues" are in dispute. It states that there are "equitable deviation issues" and "debt" issues, but does not specify them. It does not mention any claim by Brian for reimbursement or offset.

In his August 22, 2002 Plaintiff's Responsive Memorandum in Opposition to Defendant's Motion to Reconsider Retirement Offsets, Brian argued:

If this case proceeded to full hearing, Plaintiff would not have been barred from presenting evidence concerning the past child support, child care expenses, and debts for which he sought reimbursement. The evidence would have shown that she took $3,000 from the joint account for solely personal expenses. The evidence would have revealed that she gambled away $20,000 of joint assets. The evidence would have shown that she was behind in paying for child support and child care expenses.

Defendant, however, is trying to use the default to her advantage and walk away from the debts she owes Plaintiff. The Court should not allow her to do that. Plaintiff should not be barred from raising the above-referenced valid issues just because Defendant was defaulted. She had notice as to what his position was. They were set forth in prior orders....

This argument by Brian favors Hye in two respects. First, it admits that Brian did not present evidence concerning the past child support, child care expenses, and debts for which he sought reimbursement. In the absence of Hye's agreement to this $17,300 offset, such evidence is necessary for the court to order it. Second, it is nothing more than an unpersuasive challenge to the obvious wisdom and fairness of HFCR Rule 54(c). With respect to part "(4) division and distribution of property and debts" in divorce cases, the reason for pre-trial asset and debt

statements, position statements, proposed decrees, and settlement conferences is to identify the fact, law, and equity specifics of (a) the Partnership Model Division, (b) the plaintiff's and/or the defendant's requests for deviation from that Partnership Model Division, and the reasons in support thereof, and (c) the opposing party's disagreements with those requests for deviation, and the reasons in support thereof. If, pre-trial, Brian had stated and identified the fact, law, and equity specifics of his requests for Hye to (1) reimburse the marital fund the $3,000 she allegedly wrongfully withdrew from it post-complaint, (2) reimburse Brian his $10,000 half of the $20,000 Hye allegedly wasted pre-complaint, and (3) reimburse Brian the child support and child care expenses she allegedly owed him, he would not be bothered by HFCR Rule 54(c). His problem was caused by his neglect, not Hye's non-appearance.

In recognition of his pre-trial failure to identify his requests for deviation from the Partnership Model Division, and the court's non-compliance with HFCR Rule 54(c), Brian stated:

> In the alternative, Plaintiff would request that the default be set aside, a short trial be held on the issues regarding the offsets. If Plaintiff prevails (i.e. obtains any offsets), he should be awarded attorneys' fees from Defendant's portion of any remaining retirement awarded to her because she shows no good faith in paying what [s]he owes to Plaintiff.

In light of the record, we conclude that the court abused its discretion when it decided not to agree to Brian's alternative request.

## CONCLUSION

Accordingly, we reverse the September 17, 2002 Order Denying Defendant's Non–Hearing Motion to Reconsider Retirement Offsets Filed August 20, 2002. We remand for reconsideration, in the light of this opinion and the precedent of *Hatayama v. Hatayama*, 9 Haw.App. 1, 818 P.2d 277 (1991), that part of the July 31, 2002 Decree Granting Absolute Divorce and Awarding Child Custody that states: "*Retirement.* The Defendant shall be awarded $14,846.74 from Plaintiff's annui-ty fund with the Hawaii Electrician's Annuity Fund."