**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-25-0000467**
**08-MAY-2026**
**08:06 AM**
**Dkt. 51 SO**

NO. CAAP-25-0000467


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


J.R., Plaintiff-Appellee,
v.
K.R., Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3FDV-25-0000007)


<u>SUMMARY DISPOSITION ORDER</u>
(By: Nakasone, Chief Judge, Leonard, and Wadsworth, JJ.)

This appeal challenges the family court's entry of a default divorce decree that contained terms beyond what was prayed for in the complaint. We vacate and remand.

Defendant-Appellant K.R. (**Husband**) appeals from the May 20, 2025 "Divorce Decree," entered by the Family Court of the Third Circuit (**Family Court**).[1]

Husband contends the Family Court erred by entering the Divorce Decree as a default judgment, granting items of relief beyond what the complaint requested without a proof

---

[1] The Honorable Jeffrey W. Ng presided.

hearing, by altering visitation, ordering a sale of the marital residence, and increasing Husband's child support obligation.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the contention as follows.

On January 3, 2025, self-represented Plaintiff-Appellee J.R. (**Wife**) filed a "Complaint for Divorce" (**Complaint**). Wife requested that Husband be awarded "[s]upervised visitation" of the children (**Children**) "as stated in [an] active Protective Order." The Complaint further requested that "[a]ll assets" and "debts" be "divided in a just and equitable way." Attached to the Complaint was an "Exhibit Pertaining to Conciliation, Child Care, and Child Custody Proceedings" (**Exhibit**) and "Matrimonial Divorce Action Information" (**MAI**).

On January 30, 2025, a "Proof of Service" was filed, stating that Husband was personally served with the Complaint, MAI, Exhibit, and the Kids First Information Sheet on January 22, 2025.

On March 28, 2025, Wife filed a "Motion for Default" and attached a "Certificate of Service," certifying service of the motion on Husband.

On March 31, 2025, the Family Court entered default against Husband.

---

[2]    We have consolidated and restated Husband's points of error for clarity. In light of our disposition, we need not address the remaining contention that the Family Court erred by issuing the Divorce Decree "without entering findings of fact and conclusions of law despite a timely request." (Emphasis added.) The record reflects that the request was not timely filed, and Husband's August 18, 2025 request for findings of fact and conclusions of law acknowledges it, i.e. asserting "that there was good cause for the untimeliness of this request[.]" (Emphasis added.)

On May 15, 2025, Wife filed an "Asset and Debt Statement" listing the marital residence for the first time. Wife stated that the property was purchased for $150,000.00, that $113,076.00 was still owed on the property, and that the current gross value of the property was $350,000.00.

On May 20, 2025, Wife filed the Child Support Guidelines Worksheet (**CSGW**). Wife claimed Husband made $6,933.00 per month and requested Husband pay $1,200.00 per month in child support because Husband "charges cash" for carpentry work and "does not file accurately his income" [sic].

On May 20, 2025, Wife filed an "Affidavit of Plaintiff (For Uncontested Divorce)" (**Affidavit**), stating that default was entered against Husband, and requesting a deviation from the child support guidelines because Husband "charges clients cash" and "does not file what he makes."

On May 20, 2025, Wife also filed a Proposed Divorce Decree. Wife proposed that Husband be awarded "visitation at the discretion of the [C]hildren and [Wife]" as "stated in the active Protective Order"; however, when the protective order expires, "visitation will be at the discretion of [Wife] with consideration of the [C]hildren's desires." Wife also proposed that Husband pay child support in the amount of $1,200.00 per month. Lastly, Wife proposed that the marital property "be sold at fair market value with [e]quity to be split equally," and that Husband have "45 days to vacate the property and leave all structures and infrastructures in tact [sic]."

The record reflects that all of Wife's filings after the March 28, 2025 Motion for Default had a "Notice of Electronic Filing"; and these notices stated that Husband needed to be "conventionally served[.]" The record does not reflect

3

that Husband was conventionally served with Wife's post-default filings.

On May 20, 2025, the Family Court approved the Proposed Divorce Decree, from which Husband timely appealed.

Husband argues that the Family Court "deprived [Husband] of notice and the opportunity to respond" when it granted the Divorce Decree that included "relief not pleaded" in the Complaint. Husband contends that "[Hawaiʻi Family Court Rules (**HFCR**)] Rule 54(c) forbids default judgments that differ in kind or exceed what the pleadings demand" and that Wife "did not request that visitation be placed at [Wife']s discretion or extended indefinitely beyond the term of the protective order" in the Complaint; and Wife did not serve Husband prior to default "with any documents that mentioned the marital residence" nor "requested a change to [Husband]'s child support obligations."

Wife argues that Husband was "served with the Complaint for Divorce, which placed . . . custody determinations[] and equitable division of property at issue," and Husband "had the opportunity to be heard by filing a response," and his "failure to do so resulted in default."[3]

HFCR Rule 55, entitled "Default," provides for judgment by default in subsection (b) with a proof hearing, as follows:

> **(b) Judgment.** In a contested or uncontested action, where it appears from the record and by testimony (or by affidavit or declaration in an uncontested matrimonial action) that the adverse party has been duly served with

---

[3] Wife also argues that Husband should have filed an HFCR Rule 60(b) motion for relief to set aside default before filing this appeal. We note that Husband is not challenging the entry of default or seeking relief from the default; rather, Husband contends that the default judgment in this case, i.e. the Divorce Decree, went beyond what was prayed for in the Complaint.

> the complaint or dispositive motion, and the adverse party has failed to appear or otherwise defend as provided by these rules, the court <u>may grant an entry of default and proceed with a proof hearing, when a hearing is required, and enter a default judgment</u>.

(Emphasis added.)  HFCR Rule 54 entitled "Judgment; Costs," contains a limitation for default judgments, as follows:

> **(c) Demand for judgment.**  A judgment by default <u>shall not be different in kind from or exceed in amount that which was prayed for in the demand for judgment</u>. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

(Emphasis added.)

In <u>Uyeno v. Uyeno</u>, this court held that the family court erred in granting default judgment and allowing husband to be awarded an offset from wife's share of husband's retirement benefits even though said offset was never mentioned, requested, nor prayed for prior to default.  105 Hawaiʻi 335, 340-41, 97 P.3d 411, 416-17 (App. 2004).  In <u>MD v. JR</u>, this court held that the family court erred when it "granted relief by default that was different in kind from (and greater than) the relief sought" by father prior to entry of default, and mother was "not provided with notice of the scope of [f]ather's new claim . . . and a meaningful opportunity to defend against it."  No. CAAP-19-0000003, 2022 WL 3011147, at *2-5 (Haw. App. July 29, 2022) (mem. op.).

Here, Wife did not make any claim as to the division of the marital property, child support payments, and custody prior to the entry of default against Husband.  In the Complaint, Wife requested Husband be awarded supervised visits "as stated in [the] active Protective Order."  While Wife

5

requested that "[a]ll assets" and "debts" "be divided in a just and equitable way[,]" Wife made no specific claims regarding the marital property. See Uyeno, 105 Hawaiʻi at 341, 97 P.3d at 417 (holding that although there were "equitable deviation issues" noted in a pretrial order prior to default, it did not "specify" the issues or "mention any claim . . . for reimbursement or offset"). Lastly, Wife made no claim as to child support payments and Husband's income.

After default was entered against Husband, Wife filed an Asset and Debt Statement listing the marital residence; an Affidavit and CSGW claiming Husband made $6,933.00 per month and requesting a deviation from the CSGW; and the Proposed Decree with terms that visitation "be at the discretion of [Wife]," Husband pay "$1[,]200 per month" in child support, and the marital residence be sold "with [e]quity to be split equally" and Husband to "have 45 days to vacate the property." None of these filings, however, were conventionally served on Husband as required. See Hawaiʻi Electronic Filing & Service Rules (**HEFSR**) Rule 1[4] and 6.[5]

We conclude the Family Court abused its discretion in issuing the Divorce Decree, which contained terms that went beyond what was prayed for prior to default, and where Husband was not provided with notice of Wife's new claims. See

---

[4] HEFSR Rule 1 defines "[c]onventional service" as "providing a paper document or printed copy of a document to a party . . . as required by law or rule of court and submitting a certificate to the court attesting to the fact the paper document or printed copy of a document was so provided."

[5] HEFSR Rule 6.2, entitled "Conventional Service of Electronically Filed Documents," requires that the filing party "shall provide conventional service of electronically filed documents that are required to be served to parties who are not JEFS Users or who have not consented to electronic service. The filing party shall file a certificate of conventional service."

Kakinami, 127 Hawai'i 126, 136, 276 P.3d 695, 705 (2012) ("Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." (citation omitted)).

For the foregoing reasons, we vacate the Family Court's May 20, 2025 Divorce Decree and remand for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, May 8, 2026.

On the briefs:

Sharla A. Manley,
for Defendant-Appellant.

J.R.,
Self-Represented Plaintiff-
Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge